466 P.2d 836

**DEPUTY SHERIFFS MUTUAL AID ASSOCIATION OF SALT LAKE COUNTY, a Utah nonprofit corporation, and Parley W. Blight, Plaintiffs and Respondents,**

v.

**SALT LAKE COUNTY DEPUTY SHERIFFS MERIT SYSTEM COMMISSION, and Frank Pennock, et al., members of said Commission, Defendants and Appellants.**

No. 11856.

Supreme Court of Utah.

March 13, 1970.

Madsen, Uno & Cummings, Gordon A. Madsen, Salt Lake City, for defendants-appellants.

Gardiner & Johnson, L. R. Gardiner, Jr., Salt Lake City, for plaintiffs-respondents.

HENRIOD, Justice:

Appeal from a declaratory judgment, holding the "eligible register" and the "promotional register," creatures of the Deputy

Sheriffs Merit System Act,[1] to be "public records" subject to "public inspection," under the provisions of the Public and Private Writings Act.[2] Affirmed, with no costs awarded.

The subject legislation is designed to provide a merit system for hiring, promoting, disciplining, suspending and/or firing peace officers working under an elected sheriff, —somewhat supervised and controlled by a three-man commission with certain prescribed powers and duties.

The act provides for periodic examinations to determine who may be employed or promoted as necessity dictates. Applicants are rated and placed on lists from which the sheriff chooses his deputies, except under isolated circumstances. The list of names of those qualified to become deputies consists of the names of those rated according to marks received on the examinations. This list is provided for in the act and is called the "eligible register."[3] Once a person is employed he may try for a promotion, in which event he may be placed on another list called the "promotional register."[4]

These are the lists that the plaintiffs seek to inspect and copy under the public writings legislation, the pertinent parts of which appear below.[5]

The Commission urges that the "registers" are not "public documents" under Title 78–26–1, and hence not subject to inspection under Title 78–26–2. Plaintiffs urge the opposite, with which contention we agree. The registers are mandatory under the merit system act, which does not specifically interdict inspection. We believe and hold that they are public writings and that those interested should be able to examine them. This conclusion seems to reflect the intention of the legislature, which, in the act specifically made the examination papers confidential except as to their scriveners. Logic would dictate that had the legislature intended to protect the registers from inspection it would have included them in the same confidential pigeonhole as it did the examination papers.

1. Title 17–30, Utah Code Annotated 1953.
2. Title 78–26–1, 2, Utah Code Annotated 1953.
3. Title 17–30–9, U.C.A.1953: "(1) Upon completion of an examination the commission shall prepare an *eligible register* containing the names of all persons receiving a passing grade in the order of grades earned, beginning with the highest."
4. Title 17–30–12, U.C.A.1953: " * * * (3) After a promotional examination, the commission shall prepare a *promotional register* which shall take precedence over an *eligible register.* * * * "
5. 78–26–1, U.C.A.1953: "Classes of public writings.—Public writings are divided into four classes: (1) Laws, (2) Judicial Records, (3) Other official documents, (4) Public records, kept in this state, of private writings" and 78–26–2, U.C.A. 1953: "Right to inspect and copy.— Every citizen has a right to inspect and take a copy of any public writing of this state except as otherwise expressly provided by statute."

The Commission's sole authority cited for its contention is City of San Francisco v. Superior Court.[6] We have no quarrel with that case, except to say that the information given to the public officials was given in confidence, and was given only upon a promise made by the officials that it would not be given any publicity. That is not the case here. The registers themselves were not given in confidence nor were they compiled with any semblance of a promise that they would be held confidential. The California case went off on the grounds that the information given to the officials was protected by Sec. 1881(5) California Code of Civil Procedure, which is identical, incidentally, with Title 78–24–8(5), Utah Code Annotated 1953. We can see no application of either of those code provisions to the facts of the case here, which obviously are different than those in the California case.

We believe and hold that the registers here are as much public writings subject to public inspection, as were the minutes in our own case of Conover v. Board of Education of Nebo School District, cited by plaintiffs,[7] which we held were open to public inspection under the provisions of Title 78–26–1, 2, U.C.A.1953.

CROCKETT, C. J., and CALLISTER, TUCKETT, and ELLETT, JJ., concur.

6. 38 Cal.2d 156, 238 P.2d 581 (1951).

7. 1 Utah 2d 375, 267 P.2d 768 (1954).